Thomas C. Horne
Attorney General

Rebecca J. Herbst, Bar No. 020491
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8347
Facsimile: (602) 542-7644
Rebecca.Herbst@azag.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tasha Kunzi, | Case No: 2:12-cv-02327-JAT |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT** |
| Arizona Board of Regents, an Arizona public entity, Scott H. Decker, and Travis Pratt, | (Assigned to the Honorable James A. Teilborg) |
| Defendants. | |

**I.  Introduction.**

Kunzi, who was a graduate student and taught classes at Arizona State University, alleges gender discrimination and retaliation against Drs. Scott Decker and Travis Pratt under Section 1983 and against the Arizona Board of Regents under Title VII.  She alleges that after ending an affair with Dr. Pratt she was retaliated against and forced to leave the Ph.D. program in Criminology and Criminal Justice.  This motion is filed on behalf of Dr. Decker and the Arizona Board of Regents.  Dr. Pratt will be separately moving to dismiss the claims against him.

Kunzi's lawsuit against Decker and the Board fails as a matter of law because it is barred by the statute of limitations.  Fed. R. Civ. P. 12(b)(6).  Additionally, this Court does not have subject matter jurisdiction over Kunzi's Title VII claim against the Board because she failed to timely exhaust her administrative remedies.  Fed. R. Civ. P. 12(b)(1).

**II.     Factual Allegations.**

In 2007, while Kunzi was a graduate student at Washington State University, she met Pratt. (Doc. 1, ¶ 10.) Pratt was her mentor and chaired her Masters Thesis Committee. (*Id.*, ¶ 11.) In 2008, Pratt left Washington State University and was hired by Arizona State University in the School of Criminology and Criminal Justice. (*Id.*, ¶ 13.) After Kunzi received her Masters Degree from Washington State University in May 2009, she enrolled in Arizona State University's doctoral program in Criminology and Criminal Justice. (*Id.*, ¶¶ 12, 18.)

Although Pratt was married, Kunzi alleges that they engaged in a romantic relationship from April 2009 until February 2010. (*Id.*, ¶¶ 17, 20-21.) Kunzi ended the relationship after Pratt's wife discovered it. (*Id.*, ¶¶ 20-21.) Kunzi alleges that after she ended the relationship, Pratt harassed and retaliated against her. (*Id.*, ¶ 22.) She also alleges that Decker, the School's Director, started retaliating against her. (*Id.*, ¶ 26.)

In paragraphs 21 through 31 of her Complaint, Kunzi alleges various facts in support of her retaliation claims, but provides no dates for the allegations. For example, she alleges that Pratt and Decker told her colleagues of the affair. (*Id.*, ¶¶ 24, 28.) As a result, her colleagues stopped working with her. (*Id.*, ¶¶ 28.) She was assigned clerical work instead of research projects. (*Id.*, ¶ 27.) And she "learned that virtually no one on the School of Criminology and Criminal Justice faculty wanted to work with her on her Ph.D. dissertation and related course work." (*Id.*, ¶ 31.) She alleges that she was "consequently forced to leave both her job and the Ph.D. program at ASU in May 2011." (*Id.*, ¶ 32.)

**III.    Grounds for Presenting Matters Outside the Pleadings.**

As stated above, Kunzi failed to provide dates for her allegations in paragraphs 21 through 31 of her Complaint. Federal Rule of Civil Procedure 9 provides that an "allegation of time . . . is material when testing the sufficiency of a pleading." Here,

1  Kunzi's pleading is insufficient because she did not include dates for the alleged
2  harassment and retaliation.[1]

3       It is appropriate for Defendants to move to dismiss Kunzi's lawsuit under Rule
4  12(b)(6) based on the statute of limitations with accompanying affidavits or declarations.
5  *See Jablon v. Dean Witter & Co.* 614 F.2d 677, 682 (9th Cir. 1980); 28 U.S.C. § 1746
6  (permitting a declaration signed under penalty of perjury).  Defendants have attached a
7  declaration from Afsaneh Nahavandi, Ph.D., Associate Dean for the College of Public
8  Programs.  If this Court considers the declaration, this Court should treat this motion as
9  one for summary judgment because Defendants have presented matters outside the
10 pleadings.  Fed. R. Civ. P. 12(d).

11      Alternatively, if this Court excludes the declaration, Defendants move for a more
12 definite statement because Kunzi's Complaint is too vague and ambiguous to respond to
13 without dates for the allegations in paragraphs 21 through 31.  Fed. R. Civ. P. 12 (e).
14 Defendants did not initially make such motion because that would needlessly waste time
15 and delay this case.  As shown below, only one additional date is necessary for this
16 Court to dismiss Kunzi's lawsuit.

17 **IV.   Additional Fact Supported by Affidavit.**

18      Kunzi alleges that as a result of the harassment and retaliation as described in
19 paragraphs 21-31 of her Complaint, she was forced to withdraw from the doctoral
20 program and leave her job. (Doc. 1, ¶ 32.)  Defendants provide one additional fact in
21 support of this motion:  Kunzi withdrew from the doctoral program on July 29, 2010.
22 (Declaration from Nahavandi, attached as Exhibit 2, ¶¶ 5-7.)

---

[1] Defense Counsel asked Plaintiff's Counsel to amend the Complaint to include dates. (Email from Herbst to Montoya, 11/27/12, attached as Exhibit 1.)  Plaintiff did not do so.

V.     **Legal Argument.**

    **A.**     **Kunzi's Section 1983 Claim Against Decker Fails Because She Did Not File it Within Two Years of her Withdrawal from the Ph.D. Program.**

Kunzi brings her claim against Decker under 42 U.S.C. § 1983. (Doc. 1, ¶ 1.) Section 1983 does not contain its own statute of limitations, instead courts apply the state's analogous statute of limitations for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985). In Arizona, a two-year statute of limitations applies to personal injury actions. A.R.S. § 12-542. Kunzi filed her Complaint on October 30, 2012. (Doc. 1.) Thus, any claims that accrued before October 30, 2010 are time-barred.

Kunzi alleges that Decker retaliated against her by assigning her clerical work instead of research projects, telling colleagues of her affair with Pratt, failing to respond to her complaints, and retaliating against her boyfriend. (Doc. 1, ¶¶ 26-30.) She alleges that after learning that "virtually no one wanted to work with her on her dissertation and related coursework" she was "consequently forced to leave . . . the Ph.D. program at ASU." [2]  (*Id.*, ¶¶ 31-32.) As shown above, she withdrew from the program on July 29, 2010. (Exh. 2, ¶¶ 5-7.) Thus, the Section 1983 claim against Decker is time-barred because Kunzi did not file suit on those claims within two years.

    **B.**     **Kunzi's Title VII Claim Against the Board Fails Because She Did Not File A Charge with the EEOC Within 300 Days of her Withdrawal from the Ph.D. Program.**

Even if a graduate student is considered an "employee" under Title VII, her lawsuit against the Board fails because it is time-barred.[3] Additionally, this court does not have subject matter jurisdiction over the claim because she failed to exhaust her administrative remedies.

---

[2] Kunzi's Section 1983 claim is presumably based on the Fourteenth Amendment's equal protection clause. Defendants do not concede that Kunzi has sufficiently pled intentional discrimination or retaliation because of her gender. But because the claim is barred by the statute of limitations it is unnecessary to address that issue here.

[3] Defendants do not concede that graduate students are "employees" under Title VII or that the issue of whether Kunzi was forced to leave the Ph.D. program is an employment issue. But again, because the claim is barred by the statute of limitations it is unnecessary to address those issues here.

4

Before bringing a Title VII claim, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission. To be timely, a charge must be filed within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1). That requirement is treated as a statute of limitations. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1998). Additionally, this Court does not have subject matter jurisdiction over a Title VII claim unless the plaintiff exhausted his or her administrative remedies by timely filing a charge with the EEOC. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).

Here, Kunzi alleges that she was harassed and retaliated against while she was a student in ASU's doctoral program in Criminology and Criminal Justice. (Doc. 1, ¶¶ 17-31.) Any claim involving those allegations accrued no later than the date she withdrew from the program, July 29, 2010. (Exh. 2, ¶¶ 5-7.) To bring a Title VII claim on those allegations, she was required to file an EEOC charge by May 25, 2011 (300 days from the date she withdrew from the program). She did not; she filed over three months later, on September 9, 2011. (Doc. 1, Exh. A.[4])

Therefore, Kunzi's lawsuit against the Board is time-barred and this Court does not have subject matter jurisdiction because she did not file a charge with the EEOC within 300 days of the date she withdrew from the Ph.D. program.

**C.    Kunzi Does Not Allege Any Discrimination or Retaliation After She Withdrew from the Ph.D. Program.**

In determining whether Kunzi's lawsuit is time-barred, it is of no significance that she alleges that she was forced to leave her job in May 2011. (Doc. 1, ¶ 32.) She does not allege any facts in her Complaint or EEOC Charge to suggest that she was harassed or retaliated against at work after she withdrew from the Ph.D. program in July 2010. (*Id.*; Doc. 1, Exh. A.) She simply alleges that she continued working for ASU. But the "[m]ere continuity of employment, without more, is insufficient to prolong the life of a

---

[4] The EEOC Charge is attached to the Complaint.

cause of action for employment discrimination." *Delaware State Coll. v. Ricks,* 449 U.S. 250, 257 (1980).

In *Ricks,* the Supreme Court held that to determine the timeliness of an EEOC Charge and subsequent Complaint, the court must "identify precisely the 'unlawful employment practice' of which [the plaintiff] complains." *Id.* There, the plaintiff had alleged that he was discriminatorily denied tenure and instead given a one-year terminal contract. *Id.* He filed suit within the deadline following his termination. *Id.* The Court held that his claim was time-barred because the statute of limitations began to run when he was denied tenure, not after the one-year contract expired. *Id.* It noted:

> Sixteen paragraphs in the complaint describe in detail the sequence of events surrounding the tenure denial. Only one paragraph even mentions Ricks' eventual departure from Delaware State, and nothing in that paragraph alleges any fact suggesting discrimination in the termination of Ricks' employment.

*Id.* at 257 n.8. The Court instructed that if the plaintiff "intended to complain of a discriminatory discharge, he should have identified the alleged discriminatory acts that continued until, or occurred at the time of, the actual termination of his employment." *Ricks*, 449 U.S. at 257. Because the plaintiff failed to do so, the lawsuit only involved the tenure denial and was time-barred. *Id.* at 259.

Similarly here, twenty-one paragraphs in Kunzi's Complaint describe her relationship with Pratt, its demise, and the subsequent alleged harassment and retaliation that forced her to leave the Ph.D. program. (Doc. 1, ¶¶ 10-31.) Although Kunzi alleges that she was also forced to leave her job in May 2011, she does not allege any facts to suggest that discrimination or retaliation continued after she withdrew from the Ph.D. program in July 2010 or occurred at the time she terminated her employment. (*Id.*, ¶ 32.) Thus, the statute of limitations began to run on Kunzi's claim no later than the date she withdrew from the Ph.D. program.

Alternatively, if this Court considers the allegation that she was forced to leave her job in May 2011 as timely, it fails to state a claim. Even under liberal notice

6

pleading rules, Kunzi must provide more than "labels and conclusions" to support her entitlement to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Civil Procedure Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Kunzi's conclusory allegation that she was forced to leave her job in May 2011, is nothing more than the defendant-unlawfully-harmed-me accusation which fails to state a claim.

## VI. Conclusion.

This Court should dismiss Kunzi's claims against Decker and the Board. Kunzi alleges that she was harassed and retaliated against while she was a graduate student which forced her to withdraw from the doctoral program. Kunzi failed to file her lawsuit within two-years after her withdrawal. Thus, her claim against Decker fails. Kunzi also failed to file her EEOC Charge within 300 days of her withdrawal from the program. Thus, her claim against the Board also fails.

Respectfully submitted this 21st day of December, 2012.

Thomas C. Horne
Attorney General


s/Rebecca J. Herbst
Rebecca J. Herbst
Assistant Attorney General
Attorneys for Defendants

1  I certify that I electronically transmitted the attached document
2  to the Clerk's Office using the CM/ECF System for filing and
3  transmittal of a Notice of Electronic Filing to the following, if CM/ECF
4  registrants, and mailed a copy of same to any non-registrants, this
5  21st day of December, 2012:

6  Stephen Montoya
   Montoya, Jimenez & Pastor, PA
7  The Great American Tower
   3200 North Central Avenue, Ste. 2550
8  Phoenix, AZ 85012
   Attorneys for Plaintiff

10   s/D. Anderson

11  #2967939

8