**BURCH & CRACCHIOLO, P.A.**
702 EAST OSBORN ROAD
PHOENIX, ARIZONA 85014
TELEPHONE (602) 274-7611
David M. Villadolid, SBA 011340
dvilladolid@bcattorneys.com
Attorneys for Defendant Travis Pratt

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tasha Kunzi | Case No. **2:12-cv-02327-JAT** |
| Plaintiff, | |
| v. | **JOINDER OF DEFENDANT TRAVIS PRATT IN MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT** |
| Arizona Board of Regents, an Arizona public entity, Scott Decker, and Travis Pratt, | |
| Defendants. | (Assigned to the Honorable James A. Teilborg) |

Defendant Travis Pratt ("Pratt") hereby joins in and adopts the factual and legal arguments contained in the Motion to Dismiss/Motion for Summary Judgment filed on behalf of Codefendants Arizona Board of Regents ("ABOR") and Scott H. Decker ("Decker"). This Joinder is supported by the Memorandum of Points and Authorities which follows and all pleadings and court documents heretofore filed.

## MEMORANDUM OF POINTS AND AUTHORITIES

Travis Pratt is a Professor in ASU's School of Criminology and Criminal Justice. (Complaint, ¶ 8.) Plaintiff's allegations of gender discrimination and retaliation against Defendant Pratt fail as a matter of law because they are barred by the statute of limitations. Fed. R. Civ. P. 12(b)(6). As set forth in the documents and affidavit attached to the separate motion filed by co-Defendants ABOR and Decker, Plaintiff voluntarily withdrew from the Ph.D program in Criminology and Criminal Justice at Arizona State University ("ASU") on July 29, 2010. Because Plaintiff did not file her Complaint until October 30, 2012, any claims that accrued before October

1   30, 2010 are time-barred. A.R.S. § 12-542; *Wilson v. Garcia*, 471 U.S. 261, 276
2   (1985).  To the extent that any claims arise after October 30, 2010, Plaintiff fails to
3   assert a valid claims for relief under 42 U.S.C. § 1983.

4       Plaintiff's Complaint contains allegations which are clearly outside the scope of
5   Plaintiff's claims for relief under Section 1983. The Civil Rights Act of 1871, 42
6   U.S.C. § 1983, provides a remedy for individuals deprived of federal civil rights by
7   state actors. To prevail, Plaintiff must show the deprivation of a right protected by the
8   Constitution or laws of the United States committed by a person acting under color of
9   state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). There is no rigid
10  formula for determining whether a state officer is acting under color of state law, and
11  the inquiry "turns on the nature and circumstances of the officer's conduct and the
12  relationship of that conduct to the performance of his official duties." *Anderson*, 451
13  F.3d at 1068.

14      Accordingly Defendant Pratt does not act under color of state law merely
15  because he is employed by Arizona State University. In her Complaint Plaintiff alleges
16  that Defendant Pratt "frequently telephoned and "texted" Ms. Kunzi" (Complaint, ¶
17  23) and also that Pratt would "contact Ms. Kunzi when he was inebriated and make
18  threatening remarks towards Ms. Kunzi's new boyfriend." (Complaint, ¶ 25.) Because
19  neither of these allegations concern actions which fall within the color of state law,
20  Plaintiff's claims for relief under Section 1983 should be dismissed. *Anderson*, 451
21  F.3d 1063.

22      Also, Plaintiff's Complaint contains allegations which clearly occurred <u>*after*</u>
23  Plaintiff left her job at ASU in May 2011. Paragraph 33 of the Complaint states "<u>*Even*</u>
24  <u>*after Ms. Kunzi quit her job at ASU*</u>, Professor Pratt continued to harass her by
25  repeatedly contacting her and driving by her house on his motorcycle." (Emphasis
26  added.)  And paragraph 34 of the Complaint alleges that Ms. Kunzi "ultimately had to

move her personal residence in order to avoid Professor Pratt." The purpose of § 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson*, 451 F.3d at 1067. Because any claims arising out of Paragraphs 33 and 34 of the Complaint clearly involve an individual's private actions, they do not fall under the color of state law and fail to state a cause of action under Section 1983. <u>Id</u>.

Finally, many of Plaintiff's allegations fail to set forth specific facts or dates. For example, Plaintiff alleges that after she ended the relationship Pratt "started to harass her and retaliate against her at work and elsewhere." (Complaint, ¶ 22.) In addition, Plaintiff alleges that Pratt "told several of his colleagues of his affair with Ms. Kunzi in a manner that was hurtful to Ms. Kunzi's standing at the school." (Complaint, ¶ 24.)  Because Plaintiff's complaint must contain "more than labels and conclusions," it therefore fails to state a claim. <u>See</u>, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Conclusion*

Plaintiff's Complaint is untimely and also fails to assert adequate facts and allegations to support any claim for relief against Defendant Travis Pratt under Section 1983.  Accordingly Defendant Pratt respectfully requests that the claims against him be dismissed.

DATED this 21th day of December, 2012.

BURCH & CRACCHIOLO, P.A.

By */s/ David M. Villadolid*
David M. Villadolid
702 E. Osborn Road, Suite 200
Phoenix, AZ 85014
*Attorneys for Defendant Pratt*

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, of CM/ECF registrants, and mailed a copy of same to any non-registrants, this 21st day of December, 2012:

Stephen Montoya
MONTOYA, JIMENEZ & PASTOR, PA
The Great American Tower
3200 N. Central Ave., Suite 2550
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

Rebecca J. Herbst, Assistant Attorney General
ATTORNEY GENERAL
1275 W. Washington
Phoenix, Arizona 85007-2997
*Attorney for Defendants*
*Arizona Board of Regents and Scott H. Decker*

/s/ Kami Kline