WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tasha Kunzi, | No. CV-12-02327-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, an Arizona public entity, Scott H. Decker, and Travis Pratt, | |
| Defendants. | |

Pending before the Court are: (1) Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. 11), (2) Plaintiff's Motion to Amend Complaint (Doc. 17), (3) Defendants' Motion to Strike Plaintiff's Reply (Doc. 27), and (4) Plaintiff's Motion for Leave to File Excess Pages (Doc. 29).  The Court now rules on the Motions.

I.      BACKGROUND

On October 30, 2012, Plaintiff filed a Complaint alleging claims of sexual harassment and retaliation against her former employer, Defendant Arizona Board of Regents, and against her former supervisors, Defendants Scott Decker and Travis Pratt. (Doc. 1).  Plaintiff brings her claims pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1983. (*Id.*).  In her Complaint, Plaintiff alleges that she exhausted her administrative remedies with the EEOC and filed the Complaint within ninety days of her receipt of a Right to Sue Letter from the Civil Rights Division of the United States Department of Justice. (*Id.*).  Plaintiff attached the Charge of Discrimination that she presented to the EEOC and

1  her Right to Sue letter to her Complaint.  (Doc. 1-1 at Exhibit A and Exhibit B).

2  Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure

3  12(b)(6) and Federal Rule of Civil Procedure 12(b)(1).  (Doc. 11 and Doc. 12).  In their

4  Motion to Dismiss, Defendants argue that Plaintiff's claims are barred by the statute of

5  limitations and that Plaintiff failed to timely exhaust her administrative remedies.  (Doc.

6  11 and Doc. 12).  Defendants argue that the Court should either (1) convert their 12(b)(6)

7  motion to dismiss into one for summary judgment or (2) order Plaintiff to produce a more

8  definite statement pursuant to Federal Rule of Civil Procedure 12(e).

9  Rather than respond to Defendants' Motion to Dismiss, Plaintiff filed a Motion to

10  Amend her Complaint.[1]   In her Motion to Amend, Plaintiff argues that her new

11  allegations should resolve Defendants' concerns about the dates in her Complaint and

12  provide them with the more definite statement that they sought in their Motion to

13  Dismiss.  (Doc. 17).

14  Plaintiff complied with LRCiv 15.1 and attached her proposed amended complaint

15  to her motion to amend.  (Doc. 17-1).

16  **II.  ANALYSIS**

17  In their Motion to Dismiss Plaintiff's original Complaint, Defendants argue that

18  the Court may consider declarations attached to their 12(b)(6) motion to dismiss to decide

19  their statute of limitations arguments.  Defendants cite to *Jablon v. Dean Witter & Co.*,

20  614 F.2d 677, 682 (9th Cir. 1980) for the proposition that the Court can decide matters

21  outside the pleadings when evaluating a 12(b)(6) motion to dismiss.   Contrary to

22  Defendants' assertions, the Court may not consider matters outside the pleadings on a

23  12(b)(6) Motion to Dismiss.   Rather, as *Jablon* clearly states, the Court may only

24  consider matters outside the pleadings if it chooses to convert a 12(b)(6) Motion to

26  [1] Pursuant to LRCiv 7.2(m)(1), Defendants move to strike Plaintiff's Reply in
27  Support of her Motion to Amend because it exceeds the page limitations for such a reply
as set forth in LRCiv 7.2(e)(2).  In Response, Plaintiff filed a Motion to Extend the Page
28  Limits Governing her Reply.  Under the circumstances of this case, the Court will grant
Plaintiff's Motion to Extend Page Limits (Doc. 29).

1  Dismiss to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure
2  12(d).  *See, e.g.*, *First Horizon Home Loans v. Centerpiece Mortgage, LLC*, No. CV 11-
3  0995-PHX-JAT, 2011 WL 6178447, at *2-3 (D. Ariz. Dec. 9, 2011) (citing *Supermail*
4  *Cargo, Inc. v. U.S.*, 68 F.3d 124-1206-1207 (9th Cir. 1995) and *Jablon*, 614 F.2d at 682).
5  Rather, "for the defense of the running of the statute of limitations to be decided on a
6  motion to dismiss, the untimeliness must clearly appear on the face of the complaint."
7  *First Horizon*, 2011 WL 6178447, at *3 (internal citations omitted).

8        It is entirely unclear to the Court why Defendants did not simply move for
9  summary judgment in the first instance rather than filing a 12(b)(6) motion to dismiss
10 and, in that motion, request that it be converted to a motion for summary judgment.  If,
11 under Defendants' proposed procedure, the Court were to convert their 12(b)(6) motion
12 to a motion for summary judgment, the Court would have to comply with the
13 requirements of Federal Rule of Civil Procedure 12(d) and allow all parties a reasonable
14 opportunity to present all material that is pertinent to the motion.  *See* Fed. R. Civ. P.
15 12(d).

16       Likewise, in Response to Plaintiff's Motion to Amend, Defendants attached three
17 exhibits to demonstrate that allowing Plaintiff leave to amend would be futile.  However,
18 it would again be inappropriate for the Court to consider matters outside the pleadings in
19 deciding whether Plaintiff should be given leave to amend.  *See Miller v. Rykoff-Sexton,*
20 *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("proper test to be applied when determining the
21 legal sufficiency of a proposed amendment is identical to the one used when considering
22 the sufficiency of a pleading challenged under Rule 12(b)(6)") (internal citation omitted).
23 These procedural irregularities make it difficult for the Court to properly analyze either
24 Defendants' Motion to Dismiss or Defendants' Response to Plaintiff's Motion to Amend.

25       Accordingly, the Court will allow Plaintiff leave to amend her complaint.
26 Defendants may then file a proper response to Plaintiff's Amended Complaint.  If
27 Defendants choose to file a Motion to Dismiss, they shall not attach matters outside the
28 pleadings to the Motion to Dismiss.  If Defendants choose to file a Motion for Summary

Judgment, they shall fully comply with the rules for motions for summary judgment, including Federal Rule of Civil Procedure 56 and LRCiv 56.1.

**III.     CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 17) is granted.  Plaintiff shall file her Amended Complaint (currently lodged at Doc. 17-1) within 5 days of the date of this Order.  If Plaintiff does not file her Amended Complaint within 5 days of the date of this Order, the Clerk of the Court shall dismiss this case without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Excess Pages (Doc. 29) is granted.

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's Reply (Doc. 27) is denied as moot.

Dated this 29th day of July, 2013.

James A. Teilborg
Senior United States District Judge