WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tasha Kunzi,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, an Arizona public entity, Scott H. Decker, and Travis Pratt,<br><br>　　　　　　Defendants. | No. CV-12-02327-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Arizona Board of Regents', Scott H. Decker's, and Travis Pratt's (collectively, "ABR") Motion for Partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).  (Doc. 35).

**I.     Background**

Plaintiff Tasha Kunzi ("Kunzi") has alleged that ABR engaged in sexual harassment, discrimination, and retaliation against her while she was enrolled in two separate doctoral programs at Arizona State University ("ASU").  (*See* Doc. 33).  Kunzi alleges the following facts in her Amended Complaint.

In April 2009, Kunzi began a romantic relationship with Dr. Travis Pratt, a professor in ASU's School of Criminology and Criminal Justice (the "SCCJ").  *Id.* at 3.  In July 2009, Kunzi moved to Arizona to attend ASU as a doctoral student in the SCCJ.  *Id.*  Kunzi was then employed by the school as a Research Assistant and Faculty Associate.  *Id.* at 3-4.

In February 2010, Kunzi ended her relationship with Dr. Pratt.  *Id.* at 4.  Dr. Pratt

1   then began to harass and retaliate against Kunzi. *Id.* Further, other professors in the
2   SCCJ refused to meaningfully work with Kunzi, including Dr. Scott Decker, the director
3   of the SCCJ. *Id.* at 5. For example, Dr. Decker started to assign Kunzi clerical work,
4   instead of the research projects she was previously assigned. *Id.* As a result of this
5   harassment and retaliation, Kunzi withdrew from the SCCJ doctoral program on July 29,
6   2010, and enrolled in a different doctoral program at ASU. *Id.* Kunzi remained
7   employed as a Faculty Associate in the SCCJ despite this withdrawal. *Id.* at 5-6. Dr.
8   Decker and Dr. Pratt continued to retaliate against Kunzi by revealing Kunzi's
9   relationship with Dr. Pratt to third parties. *Id.* at 6.

10  In November 2010, Kunzi complained about Dr. Pratt's actions and Dr. Decker's
11  failure to stop Dr. Pratt to the Assistant Dean of Students and the Associate Dean of the
12  College of Public Programs at ASU. *Id.* But the ASU administration failed to stop Dr.
13  Pratt's harassment. *Id.*

14  In December 2010, Kunzi confronted Dr. Pratt about the harassment. *Id.* Dr. Pratt
15  informed Kunzi that he could ruin her career, but, if she took him back, the harassment
16  would stop. *Id.* at 6-7.

17  In May 2011, Kunzi left both her job as a Faculty Associate and her new doctoral
18  program as a result of this harassment. *Id.* at 8. But Dr. Pratt continued to harass Kunzi
19  by repeatedly contacting Kunzi and calling her new employer to reveal the details of
20  Kunzi's departure from ASU. *Id.*

21  Finally, in spring of 2012, Dr. Pratt and Dr. Decker discriminated against Kunzi's
22  new husband by unfairly grading his comprehensive doctoral examination. *Id.* Despite
23  Dr. Pratt's and Dr. Decker's actions, Dr. Pratt and Dr. Decker are still employed by ASU.
24  *Id.* at 9. Further, Dr. Pratt is presently involved in another intimate relationship with one
25  of his female graduate students, and is continuing to harass his other female students. *Id.*

26  Kunzi alleges that conduct described in her Amended Complaint violates her
27  rights under 42 U.S.C. § 1983 ("Section 1983"); Title VII of the Civil Rights Act of
28  1964, 42 U.S.C. § 2000e ("Title VII"); and Title IX of the Education Amendments of

1972, 20 U.S.C. § 1681(a) ("Title IX"). *Id.* at 10. ABR now contends that portions of Kunzi's complaint are time barred either by the applicable statute of limitations or by Title VII's Equal Employment Opportunity Commission (the "EEOC") timely complaint requirement. (*See* Doc. 35).

## II.     Legal Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In other words, dismissal pursuant to Rule 12(c) is inappropriate in circumstances in which, if the facts were as pleaded, they would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995). In particular, when a defendant is asserting that a plaintiff's claim is time barred, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980))).

## III.    Analysis

As already explained, ABR believes that portions of Kunzi's claims are time barred. In particular, ABR alleges that A.R.S. § 12-542, Arizona's two-year statute of limitations for personal injury claims, applies to Kunzi's claims under Section 1983 and Title IX. (Doc. 35 at 2). Applying this statute, ABR concludes that any Section 1983 or Title IX claims "that occurred before October 30, 2010 are time barred." *Id.*

Turning to Kunzi's Title VII claim, ABR contends that a Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC. *Id.* at 3. To file a timely charge, a plaintiff must file within three hundred days of the alleged discriminatory conduct. *Id.* This timely filing requirement is treated as a statute of

1 limitations. *Id.* Applying the filing requirement, ABR concludes that Kunzi is barred from raising any claims arising out of "any discrete or retaliatory acts that occurred before November 13, 2010." *Id.*

In response, Kunzi does not question ABR's proposed statute of limitations or ABR's calculation of the critical dates. Instead, Kunzi asserts that it is not apparent on the face of the complaint that Kunzi's claims are untimely because her claims are timely under the "continuing violation" theory explained in *Anderson v. Reno*, 190 F.3d 930, 936 (9th Cir. 1989). (Doc. at 4).

In reply, ABR contends that the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002), invalidated the portion of the continuing violation theory relied on by Kunzi. (Doc. 41 at 2). Without the continuing violation theory of *Anderson*, ABR again asserts that Kunzi's claims are partially time barred.

### A. The Critical Dates for Timely Filing

As an initial matter, the Court concludes that ABR correctly identified the applicable statute of limitations and correctly identified the critical date for Kunzi's claims under Section 1983 and Title IX. Neither Title IX nor Section 1983 explicitly provides a statute of limitations. Accordingly, the Court will apply the most applicable state statute of limitations, the statute of limitations for personal injury. *See Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (applying a state personal injury statute of limitations to Title IX claims); *Pouncil v. Tilton*, 704 F.3d 558, 573 (9th Cir. 2012) (applying a state personal injury statute of limitations to Section 1983 claims). In Arizona, the personal injury statute of limitations period is two years from the date the cause of action accrues. *See* A.R.S. § 12-542. As Kunzi filed her Complaint on October 30, 2012, the critical date for Kunzi's Section 1983 and Title IX claims is October 30, 2010. (*See* Doc. 1).

Turning to Kunzi's Title VII claims, the Court similarly concludes that ABR correctly identified the critical date. In order to bring a Title VII claim, a plaintiff must

first exhaust his or her administrative remedies by filing a timely charge with the EEOC. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). In this case, the charge must have been filed within three hundred days to be considered timely. *See* 24 U.S.C. § 2000e-5(e)(1). The EEOC timely filing requirement is treated as a statute of limitations. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1998). Kunzi filed her EEOC charge on September 9, 2011. (Doc. 33, Exh. A). Thus, the critical date for Kunzi's Title VII claims is November 13, 2010.

### B. The Continuing Violation Theory and *National Railroad Passenger Corporation v. Morgan*

ABR contends that the portion of the continuing violation theory relied on by Kunzi was overruled by the Supreme Court's holding in *Morgan*. (Doc. 41 at 2). Thus, the Court turns to an examination of *Morgan*.

In *Morgan*, the Supreme Court addressed the continuing violation theory in the context of Title VII claims.[1] *Morgan*, 536 U.S. at 107. The Supreme Court noted that the Ninth Circuit permitted a plaintiff to establish a continuing violation either by showing: (1) a "serial violation," where "the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period," or (2) a "systemic violation" resulting from a "systemic policy or practice of discrimination that operated, in part, within the limitations period." *Id.* (quoting *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1015-16 (9th Cir. 2000)). The Supreme Court then rejected the "serial violation" basis for a continuing violation claim. *Morgan*, 536 U.S. at 113. The Supreme Court concluded that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.*

Continuing in their analysis, however, the Supreme Court differentiated between

---

[1] Although *Morgan* explicitly addressed only Title VII claims, *Morgan* has since been applied to Section 1983 and Title IX claims. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1050 (9th Cir. 2002) (applying *Morgan* to Section 1983 claims); *Stanley*, 433 F.3d at 1136 (applying *Morgan* to Title IX claims).

"discrete discriminatory acts" and "hostile environment claims." *Id.* at 115. Addressing hostile environment claims, the Supreme Court explained that "[p]rovided an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117. Although the Supreme Court did not explicitly tie hostile environment claims to systemic violations, the Ninth Circuit has concluded that "*Morgan* left undisturbed our case law governing continuing systemic violations." *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 n.22 (9th Cir. 2010)

### C. Applying *Morgan* to Kunzi's Complaint

Under *Morgan*, Kunzi "has adequately pled an ongoing claim if she can show a systematic policy or practice that operated, in part, within the limitations period–a systematic violation." *Id.* at 973-74 (internal citations and quotations omitted). If Kunzi is only alleging discrete acts, however, discrete acts that occurred before the critical dates identified are time barred. *See Morgan*, 536 U.S. at 107. Kunzi's complaint does not explicitly reveal which theory she is relying on. (*See* Doc. 33 at 10). But, the Court may grant a motion under Rule 12(c) based on the statute of limitations period only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove a systemic violation. *See Supermail Cargo, Inc.*, 68 F.3d at 1206-07 (reversing a Rule 12(c) dismissal because the facts alleged in the complaint may allow the plaintiff to prove that the statute of limitations should be equitably tolled).

Reading Kunzi's complaint with the required liberality, the Court cannot conclude that the facts alleged would not permit Kunzi to prove a systemic violation. Under Title IX and Title VII, a plaintiff can prove a hostile work environment due to sexual harassment by showing: "(1) she was subject to verbal or physical conduct because of her sex; (2) the conduct was unwelcome; and (3) the conduct was severe or pervasive enough that it altered the conditions of her employment and created an abusive work environment." *Stanley*, 433 F.3d at 1137 (applying this standard to Title IX claims). *See also Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 421 (9th Cir. 2013)

1 (applying this standard to Title VII claims).

2 In her complaint, Kunzi alleges consistent sexual harassment by Dr. Pratt from February 2010 to spring of 2012, including a December 2010 statement that the harassment would stop if she agreed to have a relationship with Dr. Pratt. Further, she alleges that the ASU administration failed to correct Dr. Pratt throughout this period. Finally, she alleges that Dr. Pratt's sexual harassment of female students continues to this day. The result of this discrimination was that Kunzi resigned from one doctoral program, received less meaningful work than she previously had, and eventually quit her job and withdrew from the university.[2] Further, Kunzi alleges that this harassment caused her husband to fail his doctoral examination.

These allegations sufficiently plead facts that qualify as a hostile work environment where at least one discriminatory act occurred after the critical dates of October 30, 2010, and November 13, 2010.[3] Further, these facts are sufficient to show a systemic violation under Section 1983. *See Mansourian*, 602 F.3d at 973-74. Accordingly, the Court will deny ABR's Motion for Partial Judgment on the Pleadings.

///
///
///
///

---

[2] ABR attempts to draw a distinction between Kunzi's withdrawal from the SCCJ and Kunzi's latter withdrawal from a different doctoral program. (Doc. 41 at 6). ABR then argues that Kunzi's withdrawal from the SCCJ is insufficiently connected to her later withdrawal to allow both withdrawals to be encompassed by one hostile work environment claim. *Id.* The Court sees no principled reason to make this distinction because both withdrawals were allegedly caused by the same underlying harassment, both doctoral programs were at ASU, and Kunzi was employed by the SCCJ as a Faculty Associate during the entire period.

[3] ABR appears to argue that Kunzi fails to allege a systemic violation because she failed to allege the requirements of a pattern-or-practice claim. (Doc. 41 at 2 n.2). ABR relies on *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003), for this argument. (Doc. 41 at 2 n.2). *Cherosky*, however, distinguishes between systemic violations, which require at least one act within the statute of limitations period, and practice-or-pattern claims, which require no acts within the limitations period. *See Cherosky*, 330 F.3d at 1246-47 (distinguishing hostile work environment claims from practice-or-pattern claims).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that ABR's Motion for Partial Judgment on the Pleadings (Doc. 35) is denied.

Dated this 25th day of November, 2013.

James A. Teilborg
Senior United States District Judge

- 8 -